## New Bell Jellico Coal Company v. Braznell's Admr., et al.

(Decided September 24, 1912.)

### Appeal from Bell Circuit Court.

1. Judgment—When A Bar.—Whether or not the dismissal of an action will operate as a bar to another action depends upon the ground on which the dismissal is based. If the dismissal was upon the merits of the case, the judgment will be a bar; otherwise, not.

2. Judgment—When Not A Bar—Facts.—Where A. sued B. upon a claim, and pending the suit A. assigned the claim to C. who satisfied it, and thereafter the action was "dismissed settled" by the attorney for A., the order of dismissal will not be a bar to an action by C. against B. to collect the claim.

METCALF & JEFFRIES for appellant.

N. R. PATTERSON for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Several creditors of the New Bell Jellico Coal Company instituted suits against it, and obtained attach-

ments, which were levied upon its property. A. D. Braznell was at the time a large stockholder in the company, and to prevent a sale and sacrifice of the property in these suits, he paid the attorney representing the creditors the full amount of the claims and procured the attorney to assign the claims to his son, Ben Braznell. After this, the suit of the H. T. Hackney Company, which was for the largest part of the indebtedness satisfied by Braznell, was on motion of its attorney "dismissed settled." Subsequent to this, A. S. Braznell died, and this suit was brought by his administrator against the New Bell Jellico Coal Company to recover the amount of the debts so paid by Braznell. Judgment having been rendered against the coal company, it appeals and asks a reversal of the judgment on several grounds that will be noticed.

The first error assigned is that Ben Braznell, to whom A. S. Braznell had these claims assigned as his agent, was not made a party to this suit by the administrator of A. S. Braznell. A sufficient answer to this is. that the coal company waived its right to make this objection in this court by its failure to raise the question in the lower court in the manner provided in sections 92 and 118 of the Civil Code.

The next assigned error is that N. R. Patterson, the attorney for the attaching creditors, had no authority to assign the claims of Ben Braznell. This objection is satisfactorily met by Mr. Patterson, who in answer to the question, "Did you ever have at the time of the assignment of these claims or since then any written or verbal authority to make such assignment on behalf of these various creditors?" said, "Yes, sir, I had the absolute authority to assign and transfer these claims, and the claim of the H. T. Hackney Company was discussed between its credit men, Mr. McNew and myself, as to how I was to get the money."

The next ground urged for reversal is that as the suit of the H. T. Hackney Company was "dismissed settled," this order of dismissal is a bar to any cause of action on the claim sued on by the Hackney Company in that action. This defense is, of course, under the facts of this case, a pure technicality, and the question is: Should this technicality be allowed to defeat an otherwise meritorious claim? It is true that when A. N. Braznell paid, as before stated, the claim sued on, the suit

was "dismissed settled" by the attorney for the the Hackney Company, but it was settled by Braznell and not by the defendant coal company, and the evidence shows that the order of dismissal was made by the mistake or oversight of the attorney. Under these circumstances, the coal company will not be allowed to plead this order as a substantial defense to the action. The claim sued on was not satisfied or settled in whole or in part by the coal company. As said in 24 Am. & Eng. Ency. of Law, page 803:

"Whether or not the dismissal of an action at law or a suit in chancery will operate as a bar to another action or suit is a matter depending entirely upon the ground on which the dismissal is based. If, as frequently happens in suits in equity, the dismissal is based upon the merits of the case, as that the complainant has shown no ground of relief, or the like, such dismissal is res judicata as to all matters involved in the proceeding, but if, on the other hand, the dismissal be for some cause not touching upon the merits of the controversy, it will not constitute a bar, the case then coming within the operation of the rule hereinbefore stated, than in order for a judgment or decree to constitute res judicata it must be a determination of the merits of the controversy."

Another ground is that the lower court erred in sustaining what is described in the order as an "oral exception" to the testimony of Floyd Day. It appears from the record that by a stipulation between the parties it was agreed that Floyd Day, an officer and stockholder of the coal company, if his deposition had been taken, would have testified to certain statements favorable to the defense of the coal company in this action, made to him by A. S. Braznell. It is conceded that the statements made by Floyd Day were not competent as evidence against the estate of Braznell, but the point is made that no proper exception was taken in the lower court to his evidence contained in the stipulation. The judgment of the lower court, however, recites that during the hearing of the case the plaintiff presented "oral exceptions" to the competency of the evidence of Day, which were sustained, to which ruling of the court the coal company by its counsel excepted. No exception was saved to the fact that the exception to the statements of Day was made orally instead of being in

writing. Section 586 of the Civil Code, providing that "Exceptions to depositions shall be in writing, specifying the grounds of objection, filed with the papers of the case and noted on the record," does not apply to the stipulation containing the statements that Day would make.

There is no merit in any of the objections raised to the judgment of the lower court, and it is affirmed.